[7 NYS3d 899]

In the Matter of MITCHELL S. ROSS, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 22, 2015

**APPEARANCES OF COUNSEL**

*Mitchell T. Borkowsky*, Hauppauge (*Ian P. Barry* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By decision and order on motion of this Court dated July 17, 2014, the respondent was immediately suspended from the practice of law pursuant to 22 NYCRR 691.4 (l) (1) (i), based upon his failure to cooperate with the Grievance Committee for the Tenth Judicial District. Further, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent, based upon a verified petition dated March 12, 2014, which contained two charges of professional misconduct alleging that the respondent had engaged in conduct prejudicial to the administration of justice, which reflects adversely on his fitness as a lawyer, as a result of his having failed to cooperate with the Grievance Committee; the respondent was directed to serve and file an answer to the verified petition dated March 12, 2014, within 20 days of service of the decision and order on motion upon him; and the issues raised by the verified petition, and any answer thereto, were referred to the Honorable Georgia Tschiember, as Special Referee, to hear and report.

On or about July 25, 2014, the Grievance Committee served this Court's decision and order dated July 17, 2014, along with notice of entry and a copy of the verified petition dated March 12, 2014, upon the respondent by affixing same to the front door of his registered business address located at 1979 Marcus Avenue, #210, New Hyde Park, N.Y. 11042, and mailing copies via first class mail and certified mail, return receipt requested, to the same address. An affidavit of service was duly filed with the Court on August 4, 2014.

More than 20 days have elapsed since the respondent was served with the decision and order on motion of this Court dated July 17, 2014. To date, the respondent has failed to serve and file an answer to the verified petition dated March 12, 2014, as directed.

The Grievance Committee now moves to deem the charges against the respondent established, and to impose such discipline upon him as this Court deems appropriate, based upon his default. Although duly served with a copy of the Grievance Committee's motion on November 14, 2014, the respondent has neither opposed the Grievance Committee's motion, nor interposed any response thereto.

Accordingly, the Grievance Committee's motion is granted, the charges in the verified petition are deemed established

and, effective immediately, the respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law.

MASTRO, J.P., RIVERA, SKELOS, DILLON and HALL, JJ., concur.

Ordered that the Grievance Committee's motion is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Mitchell S. Ross, a suspended attorney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Mitchell S. Ross, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Mitchell S. Ross, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Mitchell S. Ross, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).